# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-00274-MSK-GPG

JONATHAN KNOTT and RICHARD KNOTT, individuals,

        Plaintiffs,

v.

GENERAL MOTORS LLC, a Delaware limited liability company, CS AUTO CHEVSO, LLC d/b/a MIKE MAROONE CHEVROLET SOUTH COLORADO SPRINGS, a Florida limited liability company, and FIDELITY WARRANTY SERVICES, INC., a Florida corporation.

        Defendants.

---

## GENERAL MOTORS LLC'S ANSWER TO
## PLAINTIFFS' COMPLAINT

---

COMES NOW, General Motors LLC ("GM"), by and through its attorneys, who answers Plaintiffs' Complaint as follows:

### INTRODUCTION

1.    The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.    The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

## JURISDICTION

3.      The allegations of Paragraph 3 call for legal conclusions and therefore require no response.  However, to the extent a response is deemed required, the allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.      The allegations of Paragraph 4 call for legal conclusions and therefore require no response.  However, to the extent a response is deemed required, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.      The allegations of Paragraph 5 call for legal conclusions and therefore require no response from GM.  To the extent a response is deemed required, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.      The allegations of Paragraph 6 call for legal conclusions and therefore require no response from GM.  To the extent a response is deemed required, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

## PARTIES

7.      The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.      The allegations of Paragraph 8 are admitted.

9.      The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.     The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.     The allegations of Paragraph 11 call for legal conclusions and therefore require no response from GM.  To the extent a response is deemed required, the allegations of Paragraph 11 are denied to the extent that they do not comport with the provisions of the cited statute.

12.     GM denies that it is in the business of making vehicles directly available to consumers. Answering further, the allegations of Paragraph 12 call for legal conclusions and therefore require no response from GM.  To the extent a response is deemed required, the allegations of Paragraph 12 are denied to the extent that they do not comport with the provisions of the cited statute.

13.     The allegations of Paragraph 13 call for legal conclusions and therefore require no response from GM.  To the extent a response is deemed required, the allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

## **FACTS**

14.     The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.     The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.     The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.     The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.     GM admits that certified pre-owned (CPO) vehicles come with limited powertrain and bumper-to-bumper warranties.  GM denies that the Vehicle is a certified pre-owned vehicle.

19.     The allegations of Paragraph 19 are denied to the extent that they imply the Vehicle is a CPO vehicle. GM admits that the Vehicle was accompanied by GM's New Vehicle Limited Warranty and Buyback Limited Warranty, the terms of which speak for themselves. Any allegations that are inconsistent with the terms of the aforementioned warranties are denied.

20.     The allegations of Paragraph 20 call for legal conclusions and therefore require no response.  However, to the extent a response is deemed required, the allegations of Paragraph 20 are denied to the extent that they do not comport with the provisions of the cited statute.

21.     GM admits that the Vehicle was accompanied by GM's New Vehicle Limited Warranty, the terms of which speak for themselves. Any allegations that are inconsistent with the terms of the same are denied.

22.     GM admits that the Vehicle was accompanied by GM's New Vehicle Limited Warranty, the terms of which speak for themselves. Any allegations that are inconsistent with the terms of the same are denied.

23.     The allegations of Paragraph 23 call for legal conclusions and therefore require no response.  However, to the extent a response is deemed required, the allegations of Paragraph 23 are denied to the extent that they do not comport with the provisions of the cited statute.

24.     GM admits that the Vehicle was accompanied by GM's New Vehicle Limited Warranty, the terms of which speak for themselves. Any allegations that are inconsistent with the terms of the same are denied.

25.     The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.     The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.     The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.     The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.     The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.     The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.     The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.     The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.     The allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.     The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.     The allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.     The allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.     The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.     The allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.     The allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

40.     The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein.  The dealership repair orders are the best evidence of the repair history of the vehicle at issue.

41.     The allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein.  The dealership repair orders are the best evidence of the repair history of the vehicle at issue.

42.     The allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.  The dealership repair orders are the best evidence of the repair history of the vehicle at issue.

43.     The allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein.  The dealership repair orders are the best evidence of the repair history of the vehicle at issue.

44.     The allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.     The allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.     The allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.     The allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.     The allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.  The dealership repair orders are the best evidence of the repair history of the vehicle at issue.

49.     The allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.     The allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.     The allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

52.     The allegations of Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53.     The allegations of Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.     The allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.     The allegations of Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

56.     The allegations of Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

57.     The allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.     The allegations of Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

59.     The allegations of Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.     The allegations of Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.     The allegations of Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.     The allegations of Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.     The allegations of Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.     The allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.  The selling dealership's sales and documents and/or customer contact records are the best evidence of the transaction at issue.

65.     The allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

66.     The allegations of Paragraph 66 are denied for lack of sufficient information to justify a belief therein.  The selling dealership's sales and documents and/or customer contact records are the best evidence of the transaction at issue.

67.     The allegations of Paragraph 67 are denied for lack of sufficient information to justify a belief therein.  The selling dealership's sales and documents and/or customer contact records are the best evidence of the transaction at issue.

68.     The allegations of Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

69.     The allegations of Paragraph 69 are denied for lack of sufficient information to justify a belief therein.

70.     The allegations of Paragraph 70 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

71.     The allegations of Paragraph 71 are denied for lack of sufficient information to justify a belief therein.

72.     The allegations of Paragraph 72 are denied for lack of sufficient information to justify a belief therein.  The dealership repair orders are the best evidence of the repair history of the vehicle at issue.

73.     The allegations of Paragraph 73 are denied for lack of sufficient information to justify a belief therein.

74.     The allegations of Paragraph 74, to the extent that they allege that GM refused to cover the cost of repairs within the scope of the New Vehicle Limited Warranty and Buyback

Limited Warranty, are denied as they are untrue. The remainder of the allegations of Paragraph 74 are denied for lack of sufficient information to justify a belief therein.

75.     The allegations of Paragraph 75 are denied for lack of sufficient information to justify a belief therein.

76.     The allegations of Paragraph 76 are denied for lack of sufficient information to justify a belief therein.

77.     The allegations of Paragraph 77 are denied for lack of sufficient information to justify a belief therein.  The service facility's repair orders are the best evidence of the repair history of the vehicle at issue.

78.     The allegations of Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.     The allegations of Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

80.     The allegations of Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

81.     The allegations of Paragraph 81 are denied for lack of sufficient information to justify a belief therein.  The service facility's repair orders are the best evidence of the repair history of the vehicle at issue.

82.     The allegations of Paragraph 82 are denied for lack of sufficient information to justify a belief therein.

83.     The allegations of Paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.     The allegations of Paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.     The allegations of Paragraph 85 are denied for lack of sufficient information to justify a belief therein.  The dealership repair orders are the best evidence of the repair history of the vehicle at issue.

86.     The allegations of Paragraph 86 are denied for lack of sufficient information to justify a belief therein.

87.     The allegations of Paragraph 87, to the extent that they allege that GM refused to cover the cost of repairs within the scope of the New Vehicle Limited Warranty and Buyback Limited Warranty, are denied as they are untrue. The remainder of the allegations of Paragraph 87 are denied for lack of sufficient information to justify a belief therein.

88.     The allegations of Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

89.     The allegations of Paragraph 89 are denied for lack of sufficient information to justify a belief therein.

90.     The allegations of Paragraph 90 are denied for lack of sufficient information to justify a belief therein.  The dealership repair orders are the best evidence of the repair history of the vehicle at issue.

91.     The allegations of Paragraph 91 are denied for lack of sufficient information to justify a belief therein.

92.     The allegations of Paragraph 92 are denied for lack of sufficient information to justify a belief therein.  The selling dealership's sales and documents and/or customer contact records are the best evidence of the transaction at issue.

93.     The allegations of Paragraph 93 are denied for lack of sufficient information to justify a belief therein.  The selling dealership's sales and documents and/or customer contact records are the best evidence of the transaction at issue.

94.     The allegations of Paragraph 94 are denied for lack of sufficient information to justify a belief therein.  The selling dealership's sales and documents and/or customer contact records are the best evidence of the transaction at issue.

95.     The allegations of Paragraph 95 require no response because said paragraphs require a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

96.     The allegations of Paragraph 96 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 96 are denied to the extent that they do not comport with the provisions of the cited statute.

## COUNT I
## BREACH OF COLORADO AUTOMOTIVE DEALER LICENSING LAW
## AGAINST THE DEALERSHIP

97.     GM reasserts and incorporates by reference each and every response set forth in the preceding paragraphs.

98.     The allegations in Paragraph 98 are not directed at GM and therefore, require no response. To the extent a response is deemed required, the allegations in Paragraph 98 are denied to the extent that they do not comport with the provisions of the cited statute.

99.     The allegations in Paragraph 99 are not directed at GM and therefore, require no response. To the extent a response is deemed required, the allegations in Paragraph 99 are denied to the extent that they do not comport with the provisions of the cited statute.

100.    The allegations in Paragraph 100 are not directed at GM and therefore, require no response. To the extent a response is deemed required, the allegations in Paragraph 100 are denied to the extent that they do not comport with the provisions of the cited statute.

101.    The allegations in Paragraph 101 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 101 are denied for lack of sufficient information to justify a belief therein.

102.    The allegations in Paragraph 102 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 102 are denied for lack of sufficient information to justify a belief therein.

103.    The allegations in Paragraph 103 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 103 are denied for lack of sufficient information to justify a belief therein.

## COUNT II
## FRAUDULENT CONCEALMENT AND FRAUDULENT MISREPRESENTATION AGAINST THE DEALERSHIP

104.    GM reasserts and incorporates by reference each and every response set forth in the preceding paragraphs.

105.    The allegations in Paragraph 105 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 105 are denied for lack of sufficient information to justify a belief therein.

106.    The allegations in Paragraph 106 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 106 are denied for lack of sufficient information to justify a belief therein.

107.    The allegations in Paragraph 107 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 107 are denied for lack of sufficient information to justify a belief therein.

108.    The allegations in Paragraph 108 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 108 are denied for lack of sufficient information to justify a belief therein.

109.    The allegations in Paragraph 109 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 109 are denied for lack of sufficient information to justify a belief therein.

110.    The allegations in Paragraph 110 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 110 are denied for lack of sufficient information to justify a belief therein.

111.    The allegations in Paragraph 111 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 111 are denied for lack of sufficient information to justify a belief therein.

112.     The allegations in Paragraph 112 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 112 are denied for lack of sufficient information to justify a belief therein.

113.     The allegations in Paragraph 113 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 113 are denied for lack of sufficient information to justify a belief therein.

### COUNT III
### BREACH OF CONTRACT
### AGAINST FIDELITY

114.     GM reasserts and incorporates by reference each and every response set forth in the preceding paragraphs.

115.     The allegations in Paragraph 115 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 115 are denied for lack of sufficient information to justify a belief therein.

116.     The allegations in Paragraph 116 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 116 are denied for lack of sufficient information to justify a belief therein.

117.     The allegations in Paragraph 117 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 117 are denied for lack of sufficient information to justify a belief therein.

118.     The allegations in Paragraph 118 are not directed at GM and thus require no response. To the extent any response is required, the allegations in Paragraph 118 are denied for lack of sufficient information to justify a belief therein.

**COUNT IV**
**BREACH OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301, ET SEQ.**
**AGAINST THE DEALERSHIP AND GM**

119.     GM reasserts and incorporates by reference each and every response set forth in the preceding paragraphs.

120.     The allegations of Paragraph 120 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 120 are denied to the extent that they do not comport with the provisions of the cited statute.

121.     The allegations of Paragraph 121 are denied for lack of sufficient information to justify a belief therein.

122.     The allegations of Paragraph 122 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 122 are denied to the extent that they do not comport with the provisions of the cited statute.

123.     The allegations of Paragraph 123 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 123 are denied to the extent that they do not comport with the provisions of the cited statute.

124.     The allegations of Paragraph 124 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 124 are denied to the extent that they do not comport with the provisions of the cited statute.

125.     The allegations of Paragraph 125 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 125 are denied to the extent that they do not comport with the provisions of the cited statute.

126.     The allegations of Paragraph 126 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 126 are denied to the extent that they do not comport with the provisions of the cited statute.

127.     The allegations of Paragraph 127 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 127 are denied to the extent that they do not comport with the provisions of the cited statute.

128.     The allegations of Paragraph 128 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 128 are denied to the extent that they do not comport with the provisions of the cited statute.

129.     The allegations of Paragraph 129 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 129 are denied because they are untrue.

130.     The allegations of Paragraph 130 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 130 are denied because they are untrue.

131.     The allegations of Paragraph 131 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 131 are denied because they are untrue.

132.     The allegations of Paragraph 132 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 132 are denied because they are untrue.

**COUNT V**
**BREACH OF EXPRESS WARRANTIES AND**
**THE IMPLIED WARRANTY OF MERCHANTABILITY,**
**COLO. REV. STAT. § 4-2-101 ET SEQ.**
**AGAINST THE DEALERSHIP AND GM**

133.     GM reasserts and incorporates by reference each and every response set forth in the preceding paragraphs.

134.     The allegations of Paragraph 134 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 134 are denied to the extent that they do not comport with the provisions of the cited statute.

135.     The allegations of Paragraph 135 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 135 are denied to the extent that they do not comport with the provisions of the cited statute.

136.     The allegations of Paragraph 136 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations

of Paragraph 136 are denied to the extent that they do not comport with the provisions of the cited statute.

137.    The allegations of Paragraph 137 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 137 are denied to the extent that they do not comport with the provisions of the cited statute.

138.    The allegations of Paragraph 138 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 138 are denied to the extent that they do not comport with the provisions of the cited statute.

139.    The allegations of Paragraphs 139 require no response because said paragraphs require a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 139 are denied because they are untrue.

140.    The allegations of Paragraphs 140 require no response because said paragraphs require a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 140 are denied because they are untrue.

141.    The allegations of Paragraphs 141 require no response because said paragraphs require a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 141 are denied because they are untrue.

142.    The allegations of Paragraphs 142 require no response because said paragraphs require a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 142 are denied because they are untrue.

143.    The allegations of Paragraph 143 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 143 are denied to the extent that they do not comport with the provisions of the cited statute.

144.    The allegations of Paragraph 144 as to GM are denied.

145.    GM admits that its New Vehicle Limited Warranty and Buyback Limited Warranty accompanied the Vehicle. GM denies any allegations inconsistent with the terms of the same.

146.    The allegations of Paragraph 146 require no response because said paragraph requires a legal conclusion.  However, to the extent a response is deemed required, the allegations of Paragraph 146 are denied because they are untrue.

147.    The allegations of Paragraph 147 are denied for lack of sufficient information to justify a belief therein.

148.    The allegations of Paragraph 148 are denied and Plaintiffs are left to their proofs.

## PRAYER FOR RELIEF

GM denies the allegations of Plaintiff's Prayer for Relief, including sub-paragraphs 1 through 5, inclusive.

## GENERAL DENIAL

GM denies each and every allegation not specifically admitted herein.

## DEMAND FOR JURY TRIAL

GM demands a trial by jury herein to the extent authorized by law.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiffs' claims may be barred because Plaintiffs' Complaint fails to state a claim upon which relief can be granted

2.     Plaintiffs' claims may be barred or limited because the vehicle at issue conformed to all applicable express warranties, and GM performed all obligations pursuant to the terms of the manufacturer's limited warranty.

3.     Plaintiffs' claims may be barred or limited to the extent that the specific non-conformities and/or defects alleged in the Complaint are expressly excluded pursuant to the manufacturer's warranty agreement and/or instructions in the owner's manual provided to Plaintiffs at the time they purchased the subject vehicle.

4.     Plaintiffs' claims may be barred or limited because Plaintiffs have no right or cause of action under the Magnuson-Moss Warranty Act because the relief they seek under that Act applies only to full warranties.  The manufacturer's warranty on the Plaintiffs' vehicle was conspicuously labeled as "limited," in accordance with 15 U.S.C. § 2302(a)(2). A failure of a written warranty to comply with the provisions of 15 U.S.C. § 2304 does not mean that the written warranty violates the Magnuson-Moss Warranty Act.  It only means that such a written warranty must be conspicuously labeled "limited."

5.     Plaintiffs' claims may be barred or limited, and pleading in the alternative only, in the event that this Court finds that Plaintiffs have a right and cause of action under the Magnuson-Moss Warranty Act, then Plaintiffs are barred from recovery under the Magnuson-Moss Warranty Act under 15 U.S.C. § 2310(a)(3)(C)(I). The manufacturer of the subject vehicle established an informal settlement procedure which meets the requirements of the Federal Trade Commission's

rules setting forth minimum requirements for informal dispute settlement procedures, and that is incorporated into the terms of the warranty Plaintiffs were provided with the subject vehicle.

6.      Plaintiffs' claims may be barred or limited, and pleading in the alternative only, in the event that the alleged noncomformity is the result of abuse, neglect, or unauthorized modifications or alterations of the subject vehicle by Plaintiffs.

7.      Plaintiffs' claims may be barred or limited to the extent that:

a.      The alleged defects in said vehicle did not exist at the time it left the manufacturer, but arose, if at all, subsequent thereto through modifications, alterations, overuse, misuse, abuse, negligence, and the failure to properly maintain the vehicle on the part of Plaintiffs and others for whom Defendant and its authorized repair dealership(s) are in no way liable;

b.      The alleged defects were actually known to the Plaintiffs at the time of sale or could or should have been discovered by a simple inspection of the vehicle;

c.      Further, GM respectfully reserves the right to later allege such facts and details as investigation and discovery in this matter should uncover.

8.      Plaintiffs' claims may be barred or limited, pleading in the alternative only, that Plaintiffs failed to mitigate the damages complained of herein.

9.      Plaintiffs' claims may be barred or limited to the extent that the alleged non-conformity(ies) in the subject vehicle were successfully repaired pursuant to the manufacturer's limited warranty.

10.     Plaintiffs' claims may be barred or limited to the extent that, if the facts introduced at trial show that Plaintiffs or others committed negligence with respect to use, maintenance and/or lack of maintenance of the subject vehicle, and this negligence was either the sole proximate cause

or a contributing cause of the alleged damages claimed by the Plaintiffs, then Plaintiffs should be barred from recovery or, alternatively, any recovery should be reduced proportionately by the amount of negligence committed by Plaintiffs or others.

11.     Plaintiffs' claims for non-pecuniary damages may be barred or limited to the extent that the facts and/or nature of the contract does not demonstrate that gratification of a non-pecuniary interest was a significant objective of the purchase.

12.     Plaintiffs' claims may be barred or limited by the doctrines of waiver, estoppel, and/or laches.

13.     GM reserves the right, as discovery continues and as factual evidence is procured, to supplement and amend this pleading and to bring into these proceedings as defendant or by way of Third-Party Demand, other parties who may be responsible as the circumstances may dictate herein.

**WHEREFORE**, GM respectfully prays that this Answer be deemed good and sufficient and after due proceedings are had, there be judgment rendered herein in its favor and against the Plaintiffs, dismissing Plaintiffs' actions herein in its entirety, at Plaintiffs' costs.

Dated: February 28, 2019

Respectfully submitted,

SNELL & WILMER L.L.P.

By: *Cody C. Bourke*
Timothy G. O'Neill, #17311
Cody C. Bourke, #46370
1200 17th Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020
E-Mail: toneill@swlaw.com;
　　　cbourke@swlaw.com

*Attorneys for General Motors LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of February, 2019, a true and correct copy of the above and foregoing was served using CM/ECF system upon the following:

Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
       kate@vedralaw.com
*Attorneys for Plaintiffs*

s/Holly Stahl
For Snell & Wilmer L.L.P.

4810-5923-8281.1